IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SAMANTHA S.,[1]  6:20-cv-00709-BR

      Plaintiff,  OPINION AND ORDER

v.

COMMISSIONER, SOCIAL
SECURITY ADMINISTRATION,

      Defendant.


**BRENT WELLS**
Harder, Wells, Baron & Manning, P.C.
474 Willamette Street
Eugene, OR 97401
(541) 686-1969

      Attorneys for Plaintiff

**SCOTT ASPHAUG**
Acting United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1021

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**WILLY LE**
Acting Regional Chief Counsel
**LEISA A. WOLF**
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, WA 98104
(206) 615-3621

       Attorneys for Defendant

**BROWN, Senior Judge.**

    Plaintiff Samantha S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (SSA) in which she denied Plaintiff's application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

    For the reasons that follow, the Court **REVERSES** the Commissioner's decision and **REMANDS** this matter pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

## ADMINISTRATIVE HISTORY

    Plaintiff filed an application for SSI on November 21, 2014, alleging a disability onset date of December 16, 1990.  Tr. 313.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on May 3, 2017.

---

[1] Citations to the official transcript of record filed by the Commissioner on November 6, 2020, are referred to as "Tr."

2 - OPINION AND ORDER

Tr. 74-103.  At the hearing Plaintiff was represented by an attorney, and Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on July 14, 2017, in which he found Plaintiff was not disabled, and, therefore, Plaintiff was not entitled to benefits.

On July 27, 2018, the Appeals Council entered an order in which it remanded the matter to the ALJ to evaluate Plaintiff's morbid obesity and to "give further consideration to whether [Plaintiff] has past relevant work."  Tr. 170.

An ALJ held a hearing on remand on April 22, 2019.  Tr. 34-73.  At the hearing Plaintiff amended her alleged onset date to November 14, 2014.  Plaintiff was represented by an attorney and a VE testified.  On May 9, 2019, the ALJ issued a decision on remand in which he found Plaintiff is not disabled and, therefore, Plaintiff is not entitled to benefits.  Tr. 13-33.  On March 3, 2020, that decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review.  Tr. 1-7.  *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on December 16, 1979; was 37 years old at the time of the first hearing; and was 39 years old at the time of the second hearing.  Tr. 313.  Plaintiff has a high-school

3  - OPINION AND ORDER

education.  Tr. 26.  Plaintiff does not have any past relevant work experience.  Tr. 26.

Plaintiff alleges disability due to hip dysplasia, "pins in hips," hip osteoarthritis, hypothyroidism, depression, arthritis, and chronic pain.  Tr. 106.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability.  *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).  To meet this burden a claimant must demonstrate the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision

if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). It is more than a mere scintilla [of evidence] but less than a preponderance. *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

**DISABILITY ANALYSIS**

I. **The Regulatory Sequential Evaluation**

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 416.920. Each step is potentially dispositive.

At Step One the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.920(b). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. 20 C.F.R. § 416.920(c). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of a number of listed impairments that the Commissioner acknowledges are so severe they preclude substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, she must

6 - OPINION AND ORDER

assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite limitations.  20 C.F.R. § 416.945(a).  *See also* Social Security Ruling (SSR) 96-8p.  "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen,* 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work the claimant has done in the past.  20 C.F.R. § 416.920(a)(4)(iv).  *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, she must determine whether the claimant is able to do any other work that exists in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  *See also Keyser*, 648 F.3d at 724.  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform.  *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P,

7 - OPINION AND ORDER

appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).

## ALJ'S FINDINGS

At Step One the ALJ found Plaintiff did not engage in substantial gainful activity after her November 14, 2014, amended alleged onset date.  Tr. 19.

At Step Two the ALJ found Plaintiff has the severe impairments of obesity; bilateral hip dysplasia; and arthritis of the right knee, bilateral hips, and lumbar spine.  Tr. 19.  The ALJ found Plaintiff's hypothyroidism, chronic pain syndrome, obstructive sleep apnea, vertigo, and depression are not severe impairments.  Tr. 19-20.

At Step Three the ALJ concluded Plaintiff's impairments do not meet or equal the criteria for any Listed Impairment from 20 C.F.R. part 404, subpart P, appendix 1.  The ALJ found Plaintiff has the RFC to perform sedentary work with the following limitations:

> [Plaintiff] can lift and or carry 20 pounds occasionally and 10 pounds frequently.  [Plaintiff can stand or walk two hours in an eight-hour day, and can sit for six hours in an eight-hour day.  [Plaintiff requires use of a cane when ambulating greater than 20 feet.  She is limited to no more than occasional balancing, stooping, crouching, crawling, and kneeling.  She can never climb ladders, ropes and scaffolds, and can occasionally climb ramps and stairs.  She can tolerate occasional exposure to workplace hazards such as unprotected heights or exposed, moving machinery.

8 - OPINION AND ORDER

Tr. 22.

At Step Four the ALJ found Plaintiff does not have any past relevant work experience. Tr. 26.

At Step Five the ALJ found Plaintiff can perform jobs that exist in significant numbers in the national economy. Tr. 26. Accordingly, the ALJ found Plaintiff is not disabled.

## DISCUSSION

Plaintiff contends the ALJ erred when he implicitly partially rejected the opinion of examining physician Darrel Kauffman, M.D.

An ALJ may reject an examining physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir. 2002). When the medical opinion of an examining physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32 (9th Cir. 1996).

On March 9, 2017, Dr. Kauffman conducted a consultative examination of Plaintiff. Dr. Kauffman stated in his opinion that Plaintiff has "hip dysplasia, bilateral slipped capital

9  - OPINION AND ORDER

femoral epiphysis status post cannulated screws with underlying osteoarthritis" as well as arthritis in her right knee and hips. Tr. 907.  Dr. Kauffman opined, among other things, that Plaintiff "should avoid steps, stairs, ladders, scaffolds, and ropes due to her right knee and hips"; can "stoop[], crouch[], kneel[], and crawl[] occasional[ly] based on limitations from her right knee and hips"; and "should avoid heights, which could be dangerous due to her right knee and hips."  Tr. 907.

Plaintiff notes although the ALJ included many limitations in his assessment of Plaintiff's RFC that coincide with Dr. Kauffman's opinion, the ALJ found Plaintiff can "tolerate occasional exposure to workplace hazards such as unprotected heights."  Tr. 22.  According to Plaintiff, therefore, the ALJ implicitly rejected Dr. Kauffman's opinion that Plaintiff should avoid unprotected heights.  The ALJ, however, did not discuss Dr. Kauffman's opinion regarding unprotected heights or provide any rationale for rejecting that portion of Dr. Kauffman's opinion.  In addition, Dr. Kauffman's opinion regarding exposure to unprotected heights is not contradicted by any medical professional.

Accordingly, the Court concludes on this record that the ALJ erred when he implicitly partially rejected Dr. Kauffman's opinion because the ALJ did not provide clear and convincing reasons for doing so based on substantial evidence in the record.

**REMAND**

The decision whether to remand for further proceedings or for immediate payment of benefits generally turns on the likely utility of further proceedings. *See, e.g.*, *Brewes v. Comm'r Soc. Sec. Admin.*, 682 F.3d 1157, 1164 (9th Cir. 2012). The court may "direct an award of benefits where the record has been fully developed and where further administrative proceedings would serve no useful purpose." *Id.* (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Ninth Circuit has established a three-part test for determining when evidence should be credited and an immediate award of benefits directed. *Strauss v. Comm'r of Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). The court should grant an immediate award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Id.* The second and third prongs of the test often merge into a single question: Whether the ALJ would have to award benefits if the case were remanded for further proceedings. *See, e.g.*, *Harman v. Apfel*, 211 F.3d 1172, 1178 n.2 (9th Cir. 2000).

Here further administrative proceedings are necessary for the ALJ to consider Dr. Kauffman's opinion regarding exposure to unprotected heights and to determine what effect, if any, Dr. Kauffman's opinion would have on the ultimate question of

11 - OPINION AND ORDER

disability. Accordingly, the Court remands this matter to the Commissioner for further administrative proceedings.

## **CONCLUSION**

For these reasons, the Court **REVERSES** the decision of the Commissioner and **REMANDS** this matter pursuant to sentence four of 28 U.S.C. § 405(g) for further proceedings consistent with this Opinion and Order.

IT IS SO ORDERED.

DATED this 5th day of May, 2022.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States Senior District Judge

12 - OPINION AND ORDER